IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AUGUSTINE J. KELLIS, M.D., et al., INC., et al., | ) ) ) | CASE NO.: 1:09 CV 1626 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| ALPHA & OMEGA FINANCIAL SERVICES, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Defendants Todd R. Fecht and Founders Financial Services, LLP's ("FFS") Motion to Dismiss Plaintiff's Complaint. (ECF # 6). Plaintiffs have filed a Brief in Opposition to the motion to dismiss (ECF #10) and Defendants Mr. Fecht and FFS filed a Reply Brief in Further Support of their motion. (ECF # 12). After careful consideration of the briefs and a review of all relevant authority, Defendants' motion to dismiss is DENIED.

## STANDARD OF REVIEW

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider

the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.,* 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## FACTS AND ANALYSIS[1]

The Complaint alleges that Plaintiffs met with Defendants to discuss the purchase of a whole life insurance policy, and that in the course of that transaction, the Defendants made representations and presentations relating to the economic and tax benefits of the policy. Plaintiff further alleges that Defendants representations on these matters were false and that they omitted material information. Plaintiffs claim that they relied on the information provided by the

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

-2-

Defendants in their decision to acquire a policy, and that they have suffered damages based on Defendants misrepresentations. The Complaint asserts causes of action for negligent misrepresentation, fraudulent misrepresentation/non-disclosure, promissory estoppel, unjust enrichment, and civil conspiracy.

Defendants claim that all of the Plaintiffs claims are barred by the applicable statute of limitations. Additionally, they claim that the fraud and civil conspiracy claims fail to state a claim with the requisite particularity, as set forth in Fed. R. Civ. Pro. 9(b), and that the negligence, promissory estoppel, and unjust enrichment claims are too conclusory to satisfy the pleading standards articulated in the *Bell Atl' Corp. v. Twombly* case..

The Plaintiffs have alleged in the Complaint that they did not discover the alleged wrongdoings until May of 2008. This allegation is sufficient to create a question as to whether the discovery rule will apply in extending the applicable statutes of limitations in this case. Contrary to the Defendants arguments, at this stage of the litigation Plaintiff need not spell out every fact that led to the alleged discovery or articulate with specificity why the alleged wrongdoing was not discovered sooner. Further, Plaintiffs have sufficiently plead the elements of fraud, civil conspiracy, promissory estoppel, and unjust enrichment. The Complaint clearly puts Defendants on notice sufficient to allow them to defend against these claims, alleging the type of promises, fraud, and misrepresentations at issue; the parties involved; the benefit incurred on the Defendants as a result of the Plaintiffs' alleged reliance; and the place and manner of the communications at issue. Additional facts may easily be developed through the discovery process.

If through the course of discovery, Plaintiffs are not able to provide specific facts that

would satisfy each element of the alleged claims, and create a genuine issue of fact as to whether the applicable statutes of limitation were tolled by the discovery rule (or otherwise) a defense motion for summary judgment will merit very serious consideration. However, at this stage of the proceedings, Plaintiffs have alleged sufficient facts to withstand a motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss(ECF #6) is hereby DENIED. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
Judge Donald C. Nugent
United States District Judge

Date: November 5, 2009