UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AUGUSTINE J. KELLIS, M.D., *et al.*, ) | |
| ) | CASE NO. 1:09 CV 1626 |
| Plaintiffs, ) | |
| ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ALPHA & OMEGA FINANCIAL ) | |
| SERVICES, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

This case is before the Court on Plaintiffs, Augustine J. Kellis, M.D. and Ophthalmology & Oculoplastic Surgery, Inc.'s Motion for Leave to File Third Amended Complaint (ECF #94, 95), and Motion to Remand (ECF #95). Defendants, Todd R. Fecht, Founders Financial Group, Inc., Raymond Poteet, Alpha & Omega Financial Services, Inc., and putative Defendant, The Ohio National Life Insurance Company ("Ohio National"), all oppose both motions. (ECF #96, 97, 98, 99, 102). The proposed Amendment would add Ohio National, a new non-diverse party, to the action and if granted, remand would be mandatory pursuant to 28 U.S.C. §1447(e).

In determining whether to permit an amendment, a Court should consider whether there has been undue delay, lack of notice, bad faith, or repeated failure to cure deficiencies, and whether the amendment would be cause undue prejudice to the party or would be futile. *See, e.g., Coe v. Bell*, 161 F.3d 320, 341. Motions for leave to amend pleadings are construed liberally.

*Foman v. Davis*, 371 U.S. 178 (1962); Fed. R. Civ. Pro. 15(a)(2)("The court should freely give leave when justice so requires.").

Further, when the proposed amendment would destroy subject matter jurisdiction by adding a non-diverse party, "the court may deny joinder, or permit joinder and remand the action to the State court." In determining which of these two options a Court should choose, two key factors must be considered: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction" and (2) whether the plaintiff has been "dilatory in seeking amendment." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp. 2d 807, 823 (N.D. Ohio 2008). The Court must, therefore, determine whether an amendment is warranted, and if so, whether or not it should be granted despite its effect on the Court's jurisdiction.

Plaintiffs contend, and Defendants do not dispute, that they became aware of a contractual relationship between Ohio National and Mr. Poteet on July 13, 2010, during Mr. Poteet's deposition. According to Plaintiffs, the existence of this contractual relationship is essential to the claims that Plaintiffs seek to bring against Ohio National. Defendants argue that Plaintiffs knew that Ohio National was connected to the facts underlying their claims all along, and had even threatened to sue Ohio National back in 2003. Defendants also contend that the request for amendment is directly related to Plaintiffs alleged desire to avoid having this Court rule on the Summary Judgment motions which will be filed in this case.

Although the request for amendment has come late in the proceedings, it came less than a month after the evidence upon which it is based was uncovered during deposition. The Court, therefore, does not find undue delay in the amendment under the circumstances. Plaintiffs also notified the Court and the other parties of its intent to file the request for amendment at the status

conference immediately following the end of discovery (approximately two weeks after first obtaining the information of a contractual relationship between Ohio National and Mr. Poteet). Further, Ohio National knew that Plaintiffs were looking into its connection with alleged fraud and misrepresentation before this lawsuit was filed, and had responded to Plaintiffs' counsel by letter dater October 17, 2008 asserting that Ohio National "is not associated with or related to the Plan." The evidence obtained during discovery calls this assertion into question.

Defendants allege bad faith arguing that Plaintiffs only motive in adding Ohio National is to defeat federal jurisdiction and delay the trial. However, their argument is mere speculation and not backed by any convincing or relevant evidence. Defendants contend that Ohio National wants to avoid having this Court rule on the Summary Judgement motions (not yet filed) because the Court indicated in its opinion denying Defendants' Motion to Dismiss that "a defense motion for summary judgment will merit very serious consideration" if Plaintiffs could not provide "specific facts" to overcome Defendants' statute-of-limitations defenses. However, this does not support an inference (let alone a factual finding) of bad faith. Plaintiffs presumably were well aware of the facts that they would be relying on to support their tolling and/or discovery arguments against the statute of limitations defense long before the close of discovery, as those facts come from the testimony of the lead Plaintiff, himself. Therefore, if Plaintiffs intent was to defeat jurisdiction to avoid this Court's ruling on Summary Judgment motions, they could have attempted to amend the Complaint to include Ohio National immediately after the opinion on the Motion to Dismiss was released. There would have been no reason for them to wait until after the close of discovery. Further, between the Court's ruling on the Motion to Dismiss and the request to add Ohio National, Plaintiffs amended their Complaint to add other parties without objection. If Plaintiffs

3

were so concerned with this Court's original opinion on the motion to dismiss, they would have added Ohio National when they amended their Complaint to add other parties that were revealed as relevant parties during the course of discovery. The fact that they did not, lends credibility to Plaintiff's contention that they only sought to add Ohio National after they learned of its contractual relationship with Mr. Poteet.

Further, the statement that Defendants seem to think has frightened Plaintiffs enough to attempt to inject improper or bad faith delay and forum shopping, was a superfluous warning. Even if the Court had not articulated this position in response to the Motion to Dismiss, it would go without saying that the Court would seriously consider any defense that was supported by the evidence at the Summary Judgment stage. By the same token, if the facts developed in discovery support the application of the statute of limitations defense, Plaintiffs should have no more expectation of avoiding that defense in state court than they should in federal court. The facts will dictate the outcome of the case, not the jurisdiction of the court that hears the arguments.

As to the argument that Defendants would be prejudiced by an amendment at this late stage in the litigation, the minor delay that may be imposed does not compare to the prejudice suffered by the Plaintiffs if they are prevented from fully addressing their claims solely because the information necessary to determine a relevant party was not available to them until the late stages of discovery. It appears that the amendment will not require a great deal of extra discovery, if any, as the primary claims against Ohio National involve an alleged conspiracy that has already been addressed during discovery, and a claim of vicarious liability claim directed at the actions of the Ohio National's employee, Mr. Poteet, which claims have also already been addressed through the discovery process. Defendants have offered no other argument as to how they might be

4

prejudiced by the requested amendment. "[T]he mere fact that a party seeks to amend its pleading at a late stage of the litigation is not enough to bar such amendment, without a specific showing that the other party is prejudiced." *Donovan v. Gillmor*, 535 F.Supp. 154, 157 (N.D. Ohio 1982)(citing *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973).

The Defendants also argue that allowing the amendment would be futile, because they allege that the statute of limitations bars any claims against Ohio National as a matter of law. Plaintiffs however assert that the statute of limitations does not bar their claims because the operation of the discovery rule saves some, equitable estoppel may apply to bar the defense, and Ohio National may have misrepresented their connections to the claims in order to avoid being included in the suit when it was first filed. These questions all involve questions of fact that should be determined on a motion for summary judgment including all the relevant evidence, or at trial. This Court cannot say based on the arguments of the parties at this juncture that any case against Ohio National would be futile or barred as a matter of law. Therefore, the Court finds that under the liberal standard for amendments, Plaintiffs' Motion for Leave to File a Third Amended Complaint should be granted.

However because the proposed amendment would destroy subject matter jurisdiction by adding a non-diverse party, "the court may deny joinder, or permit joinder and remand the action to the State court." Both of the factors that guide courts in this determination weigh in favor of allowing the amendment, and remanding the case to the state court. As set forth above, there is no evidence to support the allegation that the purpose of the amendment is to defeat federal jurisdiction, and because the amendment arises from facts first discovered in the late stages of discovery, it cannot be said that the Plaintiffs have been dilatory in seeking amendment.

In conclusion, Plaintiffs' Motion for Leave to File Third Amended Complaint and Motion for Remand are both GRANTED.  The joinder of Ohio National destroys diversity, and eliminates this Court's subject matter jurisdiction over the action.  This case is, therefore, remanded to the Geauga County Common Pleas Court pursuant to 28 U.S.C. §1447(e).  IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: October 25, 2010